**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CIVIL/AGENCY CASES**

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed.**

| | |
|---|---|
| **Appeal No. & Caption** | 15-1220   U.S. v. Gerald I. Katz and Sheila Katz |
| **Originating No. & Caption** | 8:11-cv-02107-JFM   U.S. v. Katz, et al. |
| **Originating Court/Agency** | U.S. District Court for the District of MD |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 | |
| Time allowed for filing in Court of Appeals | 60 days from final ruling | |
| Date of entry of order or judgment appealed | 12/30/2014 | |
| Date notice of appeal or petition for review filed | 2/26/2015 | |
| If cross appeal, date first appeal filed | NA | |
| Date of filing any post-judgment motion | NA | |
| Date order entered disposing of any post-judgment motion | NA | |
| Date of filing any motion to extend appeal period | NA | |
| Time for filing appeal extended to | NA | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ◉ Yes | ○ No |

**Transcript** (transcript order must be attached if transcript is needed and not yet on file)

| | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

**Case Handling Requirements** (answer any that apply)

| | | |
|---|---|---|
| Case number of any prior appeal in same case | NA | |
| Case number of any pending appeal in same case | NA | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | NA | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

See attached.

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

The main issue before this Court is whether or not, as the government asserts, it was Mr. Katz who breached the agreement with the Court and caused the refinancing to fall through by June 30, 2014, or whether as Mr. Katz asserts, and as Judge Motz had indicated in his first Memorandum Opinion on October 9, 2014, it was not Mr. Katz's fault.  In any event, the United States by failing to provide the appropriate data to any proposed lenders effectively precluded any refinancing from taking place.  This issue is important because if it is decided against Mr. Katz, the government can sell the Katzes' private residence.  If Mr. Katz were to prevail on this appeal, all that would happen is that the government would be prevented from selling the home and would have to provide the prospective lenders the kind of information the government has conceded by emails in July, 2014 would not cause them any hardship whatsoever to do.  The Court should note that Mr. Katz  does not contest the sustainability and effect of his agreement with the government and the resultant Court Order that he owes the government in excess of $5 million in federal taxes to which, it should be pointed out, he has been paying regularly per the installment program agreed to and first demanded by the government when it filed this lawsuit.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: United States of America | Adverse Party: United State of America |
|---|---|
| Attorney: Richard P. Caldarone<br>Address: U.S. Department of Justice<br>P.O. Box 502<br>Washington, DC 20044 | Attorney: Boris Kukso<br>Address: U.S. Department of Justice<br>P.O. Box 227<br>Washington, DC 20044 |
| E-mail: richard.p.caldarone@usdoj.gov | E-mail: boris.kukso@usdoj.gov |
| Phone: 202-514-2947 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Gerald I. Katz | Name: Sheila Katz |
| Attorney: Peter F. Axelrad<br>Address: Council, Baradel, Kosmerl & Nolan, P.A.<br>125 West Street, Fourth Floor<br>Annapolis, MD 21401 | Attorney: Peter F. Axelrad<br>Address: Council, Baradel, Kosmerl & Nolan, P.A.<br>125 West Street, Fourth Floor<br>Annapolis, MD 21401 |
| E-mail: Axelrad@CouncilBaradel.com | E-mail: Axelrad@CouncilBaradel.com |
| Phone: 410-268-6600 | Phone: 410-268-6600 |
| **Appellant (continued)** | |
| Name: | Name: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

Signature: _____     Date: _____3/18/2015_____

Counsel for: Appellants _____

| **Certificate of Service**: I certify that on _____3/18/2015_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary): | |
|---|---|
| | |
| Signature: | Date: 3/18/2015 |

**Nature of the Case:**

This case was originally filed by the United States against Gerald and Sheila Katz seeking to reduce to judgment federal income tax assessments made against Mr. Katz and to foreclose tax and judgment liens on real property in Maryland owned by both Mr. and Mrs. Katz, and obtain an installment payment order requiring Mr. Katz to pay his federal income tax liabilities. This case was eventually resolved with an Order filed in federal court and signed by Judge Motz wherein Mr. Katz agreed to his federal tax responsibilities and a judgment was agreed to be entered against him for monies owed the United States. Eventually, after the United States asked the Court to foreclose upon the real estate, an agreement was reached whereby Mr. Katz would attempt to get refinancing on the real property and upon accomplishing that, at closing of any such refinancing, the United States would receive, by agreement, $420,100.00. When the refinancing did not occur by June 30, 2014, for reasons discussed in the Issues category hereinbelow, the United States asked the Court to enter an Order and order the sale of the property. When the Court agreed with the United States, Mr. Katz, the Appellant, filed a Motion to Stay the Enforcement of the Court Order asserting that the failure to obtain refinancing was, in fact, the government's fault. Judge Motz issued a Memorandum on October 9, 2014 in effect agreeing with Mr. Katz and suggesting a scheduled work out refinancing. The government objected to this proposal and eventually Judge Motz reversed his prior Memorandum and sided with the government. Mr. Katz thereafter filed a Motion asking the Court to reconsider its ruling denying Mr. Katz's Motion to Stay the Enforcement which was denied on December 30, 2014.